**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**DEREK LIND**                                                                                 **PLAINTIFF**

**v.**                                     **Case No. 4:12-cv-588 KGB**

**ALLEN & WITHROW, Attorneys
At Law; TLO, LLC**                                                                **DEFENDANTS**

**OPINION AND ORDER**

Separate defendant TLO, LLC, ("TLO") filed a motion to dismiss for lack of jurisdiction (Dkt. No. 9). Plaintiff Derek Lind responded (Dkt. No. 11). This Court has extended several times Mr. Lind's deadline to supplement his response to the motion to dismiss (Dkt. Nos. 17, 20). Mr. Lind's deadline for doing so has passed, and he has not supplemented his response. TLO's motion to dismiss for lack of personal jurisdiction is granted.

Federal Rule of Civil Procedure 12(b)(2) provides that a party may move to dismiss claims for lack of jurisdiction over the person. "To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a *prima facie* showing of personal jurisdiction over the defendant." *Digi-Tel Holdings v. Proteq Telecoms.*, 89 F.3d 519, 522 (8th Cir. 1996). Such a *prima facie* showing "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004). Plaintiff who seeks to establish personal jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction. *Laseraim Tools, Inc. v. SDA Mfg., LLC*, 624 F.Supp.2d 1027, 1030 (E.D. Ark. 2008). Although the plaintiff bears the ultimate burden of proof, personal jurisdiction over the defendant need not be proved by a preponderance of the evidence until trial or until the Court holds an evidentiary hearing. *See Dakota Industries, Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir.

1991) (citing *Cutco Ind. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)).  "If the district court does not hold a hearing and instead relies on pleadings and affidavits, . . . the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party."  *Id.* (citations omitted).

Mr. Lind brings this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").  In federal question cases, the Supreme Court has held that in the absence of any statutory provision for service of process a non-resident defendant's amenability to suit is determined by reference to the state's long-arm statute.  *Omni Capital International v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987).  Arkansas's long-arm statute extends personal jurisdiction over a non-resident to the maximum extent permitted by the due process clause of the Fourteenth Amendment.  Ark. Code Ann. § 16-4-101(B).  Therefore, the Court's analysis in this case turns on whether the exercise of jurisdiction is permitted by the Due Process Clause, which requires that the defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend the traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Due process requires courts to consider the "quality and nature" of the defendant's activities.  *Id.* at 319.  Personal jurisdiction does not exist when the forum state "has no contacts, ties, or relations" to the defendants.  *Id.*  The Supreme Court has held that "it is essential in each case that there be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

In *World-Wide Volkwagen Corp. v. Woodson*, the Supreme Court concluded that "the defendant's conduct and connection with the forum State" were such that he could "reasonably

2

anticipate being haled into court there." 444 U.S. 286, 297 (1980). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction as a result of 'random,' 'fortunate,' or 'attenuated,' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)).

When deciding a personal-jurisdiction issue, this Court considers five factors to determine whether the exercise of jurisdiction is consistent with due process, "with the first three factors being of primary importance. . . ." *Burlington Industries, Inc. v. Maples Industries, Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996). The five factors as identified by the Eighth Circuit are: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Digi-Tel Holdings*, 89 F.3d at 522-23. The first three are closely related and can be considered together. *Id.* at 523.

Courts have elaborated on the third factor – the relationship of the cause of action to the contacts – to distinguish between general and specific jurisdiction. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir. 1994)(citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984)). "A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008); *see also Keeton*, 465 U.S. at 779. Specific jurisdiction is proper "only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities

at the forum state and the claim arose out of or relates to those activities." *Id.* (citing *Burger King Corp.*, 471 U.S. at 472).

In *Lakin v. Prudential Securities, Inc.*, 348 F.3d 704, 711 (8th Cir. 2003), the Eighth Circuit determined that the analytical model set out in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D. Pa. 1997), is appropriate when considering whether a website can provide sufficient contacts for specific personal jurisdiction. *See P. S. Products, Inc. v. Maxsell Corp.*, No. 4:12CV00214 SWW, 2012 WL 3860609 (E.D. Ark. Sept. 5, 2012). This analytical model likely is appropriate in this case, given the facts alleged by Mr. Lind. The *Zippo* court noted:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

*Zippo*, 952 F.Supp. at 1124.

Mr. Lind fails to carry his burden of establishing personal jurisdiction over TLO in Arkansas. There is nothing in the record before the Court to establish how Allen & Withrow contacted TLO, whether there was a "contract" between Allen & Withrow and TLO as Mr. Lind alleges in his response, or the number of times Allen & Withrow or other Arkansas individuals or entities contacted TLO for its services. Although *Zippo* provides an analytical framework for determining personal jurisdiction when websites and web-based business transactions are involved, it is not clear from this record whether a web-based transaction even occurred here.

Mr. Lind has made no motion to conduct jurisdictional discovery to supplement his response as to TLO's motion to dismiss.   Based on the record before it, the Court finds that Mr. Lind has failed to show by a preponderance of the evidence that the Court would have specific or general jurisdiction over TLO.

If a showing were made on the number of contacts, asserting jurisdiction over TLO might not violate due process.  First, Arkansas has a significant interest in giving Mr. Lind a forum in which to litigate his claims.  While it might be a burden for TLO to travel to Arkansas, given the nature of this litigation, it may not be overly burdensome.  Mr. Lind and separate defendant Allen & Withrow both are located in Arkansas, and it seems to promote judicial economy to have all claims heard in one action.  Therefore, as the record stands, the exercise of jurisdiction does not offend "notions of fair play and substantial justice."  However, it is possible that other facts might come to light which would require a different result, if jurisdictional discovery is pursued and the results of that discovery are submitted to this Court for consideration.

For these reasons, TLO's motion to dismiss for lack of personal jurisdiction is granted (Dkt. No. 9).   Mr. Lind's claims against separate defendant TLO are dismissed without prejudice.

IT IS SO ORDERED this 1st day of March, 2013.

KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE